UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSE MANUEL CENA,

    Petitioner,

v.

JORDAN HOLLINGSWORTH, et al.,

    Respondents.

Civ. No. 13-4489 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Petitioner is a federal inmate confined at FCI Fort Dix in Fort Dix, New Jersey. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner requests that

---

[1] Section 2241 states in relevant part:

(a)   Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . .
(c)   The writ of habeas corpus shall not extend to a prisoner unless –
    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
    (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
    (4) He being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
    (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(a) & (c).

deportation proceedings be suspended based on mitigating factors. For the following reasons, the habeas petition will be summarily dismissed due to a lack of jurisdiction.

## II. BACKGROUND

Petitioner pled guilty to one count of attempting to possess with intent to distribute fifty grams or more of methamphetamine in the United States District Court for the Eastern District of Missouri. On March 26, 2007, Petitioner received a sentence of 100 months imprisonment, plus five years of supervised release. Petitioner is currently due to be released from prison on January 2, 2014. On November 3, 2011, the United States Department of Homeland Security ("DHS") issued an immigration detainer against Petitioner upon his release from prison.

In July, 2013, Petitioner filed the instant federal habeas petition in this Court pursuant to 28 U.S.C. § 2241. He claims that the future deportation proceedings are inappropriate and unjustified in light of several mitigating factors, including that he is eligible for United States citizenship.

## III. STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As Petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## IV. DISCUSSION

In order to obtain habeas jurisdiction, Petitioner must demonstrate that he was "in custody" pursuant to 28 U.S.C. § 2241(c)(3). "Custody is measured as of the time that the petition was filed." *Henry v. Chertoff*, 317 F. App'x 178, 179 (3d Cir. 2009) (per curiam). When Petitioner filed the instant petition, he was, and still remains, serving his federal sentence. Petitioner fails to show that he is being held pursuant to the immigration detainer. Therefore, Petitioner was not "in custody" for purposes of establishing habeas jurisdiction over the immigration proceedings. *Accord id.*

Furthermore, it is worth noting that while there has been no order of removal as Petitioner is still incarcerated under his federal sentence, it is clear that Petitioner is challenging the potential that an order of removal may be entered against him through immigration proceedings yet to take place. According to 8 U.S.C. § 1252, challenges to removal "shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." *Id.* § 1252(b)(2).[2] Thus, in seeking review of an order of removal lodged in this district, a petitioner must file his petition for review in the Third Circuit—not this Court. "[T]his

---

[2] Section 1252(a)(5) explains:

> a petition for review filed with an appropriate court of appeals in accordance with this section shall be the *sole and exclusive means* for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purpose of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28 ….

3

rule cannot be circumvented by presenting the challenge as a habeas petition." *Aldena v. Napolitano*, No. 10-3723, 2010 WL 5172875, at *1 (D.N.J. Dec. 14, 2010) (citing 8 U.S.C. § 1252(a)(5); *Khouzam v. U.S. Att'y Gen.*, 549 F.3d 235, 244-45 (3d Cir. 2008); *Jimenez v. Holder*, 338 F. App'x 194, 196 (3d Cir. 2009)).

Pursuant to the authority cited above, the District Court lacks jurisdiction to consider the legality of Petitioner's potential deportation. When a petition is dismissed for lack of jurisdiction, courts have discretion to transfer that petition to a court that has jurisdiction. Under 28 U.S.C. § 1631:

> Whenever a . . . petition for review of administrative action, is noticed or filed with a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

In this case, the Court will not transfer the petition to the Third Circuit. As previously explained, the deportation proceedings have yet to fully begin as Petitioner is still serving his federal sentence and the DHS has only issued an immigration detainer against Petitioner. Moreover, the Detainer Action Letter indicates that Petitioner is being detained for only "*Possible* Deportation." (*See* Dkt. No. 1 at p. 12 (emphasis added).) It has not yet been decided that he will be deported. Thus, Petitioner's claim is unripe at this juncture, and the Third Circuit would not have jurisdiction over the petition at this time. *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotation marks omitted).

## V.     CONCLUSION

The instant habeas petition will be summarily dismissed due to a lack of jurisdiction.  An appropriate order will be entered.




DATED:    August 6, 2013

                                                  s/Robert B. Kugler_____
                                                  ROBERT B. KUGLER
                                                  United States District Judge